UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON M BREWER,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN HATTON, et al.,<br><br>Defendants. | Case No. 17-cv-02900-JSC<br><br>**ORDER REMANDING CASE TO STATE COURT; RULING ON PENDING MOTIONS**<br><br>Dkt. Nos. 2, 6, 12, 14 |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se incarcerated at California Training Facility ("CTF"), filed this pro se civil rights action in the Monterey County Superior Court in June 2016.[1] His original complaint and first amended complaint filed in state court asserted claims exclusively under state law. On May 4, 2017, he submitted to the state court and served upon Defendants a second amended complaint ("SAC"). The SAC added a claim under federal law --- that Defendants were violating his Eighth Amendment right to be free from cruel and unusual punishment via the practice of double-celling and overcrowding. On May 16, 2017, Defendants Shawn Hatton, the State of California, and the California Department of Corrections and Rehabilitation ("CDCR"), were served with the SAC and based upon the federal claim removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b)(3).

Plaintiff has filed an opposition to removal. (ECF No. 6.) As he requests the case be remanded to state court, the opposition is construed as a motion for remand pursuant to 28 U.S.C.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 7, 8.)

§ 1447(a). Defendants then filed an opposition to remand (ECF No. 9), Plaintiff filed a "supplemental opposition" to removal in which he further argues for remand (ECF No. 10), Defendants filed a motion for leave to file a sur-reply with a sur-reply attached (ECF No. 12), and Plaintiff filed an "opposition" to the sur-reply (ECF No. 13). The Court has considered all of these papers, as well as the papers filed in state court. For the reasons discussed below, the case is REMANDED to the Monterey County Superior Court.

**DISCUSSION**

Although the SAC contains a federal claim, Plaintiff argues that removal is not authorized because the state court never granted leave to file the SAC and his prior pleadings set forth exclusively state law claims. Section 1441(a) provides for removal of a case from state court to federal court when Plaintiff asserts a claim under federal law. *See* 28 U.S.C. § 1441(a) (providing for removal of cases over which federal court has "original jurisdiction) and § 1331 (providing federal courts with original jurisdiction over claims arising under federal law). Section 1446(b)(3) provides --- as relevant here --- that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, or a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

While the United States Court of Appeals for the Ninth Circuit has not addressed removal in the circumstances raised here, a number of other courts have. In *McDonough v. UGL UNICCO*, 766 F.Supp. 2d 544 (E.D. Pa. 2011), the court held that a case is not removable based upon a proposed amended complaint for which the state court requires leave to file until the state court grants a motion to amend and the complaint becomes effective. 766 F.Supp. 2d at 546-47; *accord Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) (finding removal allowed upon "actual and effective amendment of the complaint"); *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (time for seeking removal ran from when state judge granted motion for leave to amend complaint); *Torres v. Chevron U.S.A., Inc.*, No. 04–2523, 2004 WL 2348274, at *2 (N.D. Cal. Oct. 18, 2004) (remanding because state court had not acted on motion to amend to assert federal claim prior to removal). As explained in *McDonough*, removal is not authorized

2

for a case that "*may* become removable. And a proposed amended complaint that on its face would provide a basis for subject matter jurisdiction does not become removable until it becomes the operative complaint in the case. Where leave to amend is required, an amended complaint cannot be operative until that leave has been granted. Simply put, in federal court, there is simply no such thing as "contingent" subject matter jurisdiction." 766 F.Supp. 2d at 546 (emphasis is original).

Here, the SAC has never become the operative complaint in this case. Under California law, Plaintiff was required to obtain leave to file the SAC because while a complaint may be amended once as a matter of right, further amendment requires leave of court. *See* Cal. Code Civ. Proc. §§ 472, 473(a)(1). There is no dispute that Plaintiff did not obtain leave of court to file the SAC. As a result, Plaintiff is correct that when Defendants removed this case, the first amended complaint --- which asserted no federal claim --- was the operative complaint. The Court finds the above authority persuasive. Because California required Plaintiff to obtain leave of court to file the SAC, Plaintiff had not obtained such leave when Defendants removed the case, and he had not previously asserted any federal claim, there was no pending federal claim at the time of removal and this is not a case over which this Court has subject matter jurisdiction. Consequently, this case must be remanded to state court. *See* 28 U.S.C. § 1447(c) (requiring remand at any time it appears that federal court lacks subject matter jurisdiction over case).

## CONCLUSION

Defendants removed the case to federal court in good faith. Nonetheless, the Court is persuaded that they have not met their burden of showing that this Court currently has subject matter jurisdiction. Accordingly, this case is REMANDED to the San Mateo County Superior Court. Plaintiff's motion to shorten time and Defendants' motion for screening are DENIED as moot.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 24, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON M BREWER,<br>    Plaintiff,<br>v.<br>SHAWN HATTON, et al.,<br>    Defendants. | Case No. 17-cv-02900-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 24, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason M Brewer ID: AR4976
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960

Dated: August 24, 2017

Susan Y. Soong
Clerk, United States District Court

By: /s/ Ada Means
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

4